

# THE ATTORNEY GENERAL
## OF TEXAS

April 8, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-672

Re:   Availability of computer pro-
grams and data bases under the Open
Records Act and whether a govern-
ment body must perform computer
searches for information

Dear Mr. Bullock:

You received a request under the Texas Open Records Act, article
6252-17a, V.T.C.S., for "all documents produced by . . . Chase
Econometrics, in the possession of the state comptroller's office
which deal with the economic future of the Austin, Texas area." You
indicate that you have a subscription contract with the Chase
Econometrics Division of Interactive Data Corporation for economic
services for use in the comptroller's revenue estimating and economic
analysis activities. The terms of this contract purport to prohibit
your office from duplicating or releasing substantial portions of
reports, computer programs, or documents received from Chase
Econometrics pursuant to the contract. The contract attempts to
protect Chase Econometrics' "copyright and other commercial property
rights" in this information.

Your concerns arise primarily from the fact that the contract
with Chase Econometrics (CE) states, in part:

> Customer agrees that, as to any matter, in-
> cluding (but not limited to) reports, data bases,
> computer programs, documentation and any other
> information, made known to him by CE pursuant
> to this Subscription Agreement or any Service
> supplied pursuant hereto, <u>Customer shall not
> duplicate such matter for use outside of its own
> organization without the prior written consent of
> CE</u>; however, the Customer may publish, without
> such consent analyses and reports of the Services
> in amounts which in the aggregate are totally
> insignificant relative to the portion of the
> report, database, program, or documentation con-
> taining the information, and so long as no fee
> is charged for such CE analyses and reports.
> <u>Customer shall take all reasonable precautions to</u>

> keep such matter confidential and, with the excep-
> tion of such insignificant excerpts, to use such
> analysis for the sole internal use of Customer and
> its employees, both during the term of this
> Subscription Agreement and thereafter. (Emphasis
> added).

Information is not confidential under the Open Records Act simply because the party submitting the information anticipates or requests that it be kept confidential. Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668, 677 (Tex. 1976), cert. denied, 430 U.S. 931 (1977). The law charges persons dealing with state agencies and officers with notice of the legal limits on the agencies' and officers' powers. State v. Ragland Clinic-Hospital, 159 S.W.2d 105, 107 (Tex. 1942); Fazekas v. University of Houston, 565 S.W.2d 299, 304-306 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ ref'd n.r.e.), appeal dism'd, 440 U.S. 952 (1979). In other words, a contract cannot overrule or repeal the Texas Open Records Act. A contract may, however, be evidence of a private party's attempt to keep information confidential. See art. 6252-17a, §3(a)(1), (a)(10). You do not ask nor do we address whether the trade secret exception applies to the information in question.

Your questions are general: (1) whether copyrighted material must be released for inspection, (2) whether you must allow the requestor to make copies unassisted by your office, and (3) whether you must perform computer searches to obtain information sought by the requestor. Because of the vast amount of information involved and because of the general nature of your questions, you have not submitted specific documents for review by this office. If you wish to withhold access to specific documents, you must submit representative copies of them to this office for review, stating which exceptions to disclosure under the Open Records Act apply, within 10 days of receipt of this decision. See Open Records Decision No. 325 (1982).

This office has addressed whether the Open Records Act protects material, for which a third party holds a copyright, from disclosure under various exceptions to disclosure in a number of prior opinions. See, e.g., Open Records Decision Nos. 426 (1985); 401 (1983); 180 (1977); 109 (1975); Attorney General Opinion MW-307 (1981). In Attorney General Opinion MW-307, this office stated:

> The custodian of public records must comply
> with the copyright law and is not required to
> furnish copies of such records that are copy-
> righted. Members of the public have the right to
> examine copyrighted materials held as public
> records and to make copies of such records un-
> assisted by the state. Of course, one so doing
> assumes the risk of a copyright infringement suit.

Consequently, you must allow members of the public to inspect copyrighted material unless other exceptions to the Open Records Act protect the material. You need not furnish copies.

All of the information held by your office, however, may not be protected by copyright. Copyright law protects the expression and form of ideas, not the underlying facts and ideas which form the basis for the particular expression. See 17 U.S.C. §102(b); Atari, Inc. v. North American Philips Consumer Electric Corp., 672 F.2d 607 (7th Cir. 1982); see also Mazer v. Stein, 347 U.S. 201 (1954). The request you received is very broad; all of the information requested may not be covered by copyright protection. If you wish to claim that copyrighted material or other material is protected from disclosure by other exceptions, you must indicate which sections protect it and submit representative samples to this office for review. You should also note that you may require a requestor to identify the particular kind of information sought if you cannot reasonably understand what information is sought. See Open Records Decision No. 304 (1982).

Your second question is whether you must allow the requestor to make copies unassisted by your office. Attorney General Opinion MW-307, as quoted above, provides that members of the public have the right to make copies of copyrighted materials held as public records "unassisted by the state." Your concern is that the contract with Chase Econometrics requires your office to take "all reasonable precautions" to keep material confidential. Reasonable precautions cannot logically include violating the Texas Open Records Act. As indicated, persons dealing with state agencies are charged with notice of the legal limits on the agencies' powers.

Your final set of questions are:

> (3) Are we required to make inquiry through our computer equipment for information sought by the requestor or to make our equipment available to the requestor for such purpose? If so, must he bear the expense of the inquiry time?

If the requestor seeks specific information stored in computer form and the information itself is not protected by copyright or by any of the specific exceptions to disclosure under the act, you must disclose it. Information does not fall outside the act merely because it is stored by means of magnetic tape or disks rather than paper documents. Open Records Decision Nos. 401 (1983); 352 (1982).

On the other hand, the Open Records Act does not require a complex computer search to create new information. It is well-established that the act does not require a government body to prepare new information. Open Records Decision Nos. 452 (1986); 342 (1982). For example, in Open Records Decision No. 452, this office determined that the act does not require a school district to prepare a survey of

the location of school desks and chairs recently repainted with leaded paint. Although this information was technically <u>obtainable</u> from the individual schools by the school district, neither the district nor the individual schools had performed a location survey at the time they received the request for a survey. This office determined that the Open Records Act does not require a governmental body to perform this kind of search. Open Records Decision No. 452. Information stored in computers, however, presents different questions.

It would be inconsistent with the spirit of the Open Records Act to deny access to information simply because obtaining the information requires a minimal computer search. Performing a sequence of operations on a computer will, in many instances, require no more effort than physically locating a file in a particular file cabinet. In Open Records Decision No. 65 (1975), this office addressed a request received by the Department of Public Safety for a magnetic tape containing the names, addresses, zip codes, dates of birth, and license expiration dates of all Texas drivers over the age of 64 with licenses issued or renewed after January 1, 1973. The decision concluded:

> We understand that the programming effort required to comply with the instant request would not be unduly onerous, that such programming can be done without danger to your department's system or files, and that the required program can be run simultaneously with other Department of Public Safety systems without degradation of those other systems. To comply with the mandate of the Open Records Act, your department can either use a program prepared by the requestor and reviewed by DPS personnel, <u>or prepare in-house a program to retrieve the information sought by the requestor.</u> It is not necessary that your department build and maintain files of data which it needs in a format dictated by a requesting party. The statute's requirement that the agency supply the information requested 'within a reasonable time' allows your department to utilize its computer system on a priority basis. <u>See</u> sections 4 and 7(a) of article 6252-17a. (Emphasis added).

The suggestion that the Open Records Act requires the actual preparation of a program to retrieve information, however, requires clarification.

In 1976, the Texas Supreme Court reinforced part of the conclusion in Open Records Decision No. 65 when the court addressed a request for a massive amount of computer-stored information held by the Texas Industrial Accident Board. <u>See</u> <u>Industrial Foundation of the South, Inc. v. Texas Industrial Accident Board</u>, 540 S.W.2d at 687. In

the Industrial Foundation case, the court addressed the Industrial Accident Board's concern that, because of the magnitude of the information requested, it would be virtually impossible to furnish the requested information without hiring additional personnel and disrupting the activities of the board. See 540 S.W.2d at 686-87. The court stated that "the Act does not allow either a custodian of records or a court to consider the cost or method of supplying requested information·in determining whether such information should be disclosed." 540 S.W.2d at 687. The court also indicated that the act requires some compilation, at least in the area of computer-stored information: "We are aware that the Board may incur substantial costs in its compilation and preparation of the information. . . ." Id. (Emphasis added.)

There exists an important distinction, however, between the "compilation" of computer-stored information and the preparation of a new computer program designed to perform a survey or a compilation of a specific set of facts. The Open Records Act does not require a custodian of records to prepare information in a form or on a schedule dictated by a requesting party. Open Records Decision No. 145 (1976). In most cases, the act does not require the preparation of an extensive new computer program to obtain particular sets of information. Whether certain programming constitutes the creation of new material must be determined on a case-by-case basis. This is an area under the Open Records Act that must ultimately be addressed by the legislature. To the extent that Open Records Decision No. 65 suggests otherwise, it is modified. The act may also, in some instances, require the preparation of a program to protect or delete confidential information. See Industrial Foundation, 540 S.W.2d at 687. If public information sought in a particular instance may be "called up" under an existing program, a governmental body must perform this search. The timing of the search may reasonably take into consideration whether the search can be performed without degradation of the government agency's overall computer file system. See Open Records Decision No. 65; see also Open Records Decision Nos. 148, 121 (1976) (information may be withheld temporarily while in immediate active use).

You also ask whether the act requires you to allow a requestor to perform his own computer search on your computer equipment. The Open Records Act provides "for inspection or duplication, or both," of public information. V.T.C.S. ·art. 6252-17a, §4. In Open Records Decision No. 152 (1977), this office indicated that the act gives the requesting party the option of taking notes from or paying for the duplication of public records or of doing both. The option of access to the records or information does not, however, include the right to access through direct computer searches. An important distinction exists between access to public information and access to computer banks which may contain both public and protected information.

In fact, if a requestor-conducted search cannot be effected without giving the requestor access to information to which the requestor is not entitled, the act prohibits the search. See Industrial Foundation of the South, Inc. v. Texas Industrial Accident Board, 540 S.W.2d at 687; see also Open Records Decision No. 401 (1983). In the Industrial Foundation case, the court stated:

> The means of access to information in government records may be controlled by the determination of what records must be disclosed, insofar as the procedure must adequately protect information deemed confidential from improper disclosure. If a direct computer tie-in could not be effectuated without giving the Foundation access to information to which it is not entitled, then of course the procedure would not be acceptable.

540 S.W.2d at 687. An individual requestor-conducted computer search raises the same problems raised by the direct computer tie-in addressed in Industrial Foundation.

Your final question is whether the requestor must bear the expense of computer search time necessitated by his request. In the Industrial Foundation case, the Texas. Supreme Court stated with regard to computerized information:

> We are aware that the Board may incur substantial costs in its compilation and preparation of the information, especially in light of the case-by-case review and redaction of the files necessitated by Section 3(a)(1). Section 9 of the Act makes clear that all costs incurred in providing access to public records must be borne by the requesting party.

540 S.W.2d at 687. Thus, the requestor must bear the expense of providing information stored by means of computers. Attorney General Opinion JM-292 (1984); see also Open Records Decision No. 352 (1982); cf. Attorney General Opinion JM-114 (1983).

Charges for access to information in computer banks must be set in consultation with the State Purchasing and General Services Commission "giving due consideration to the expenses involved in providing the public records making every effort to match the charges with the actual cost of providing the records." V.T.C.S. art. 6252-17a, §9(b); see Open Records Decision No. 352 (1982). These costs may include, for example, the cost of developing a search pattern to edit out confidential information maintained in computer record banks. See Attorney General Opinion JM-292. Additionally, requestors may be required to post bond for payment of costs as a condition precedent to the preparation of records when the preparation

of records is "unduly costly" and its reproduction would cause "undue hardship" to the agency. Art. 6252-17a, §11; see Industrial Foundation, 540 S.W.2d at 687-88.

## S U M M A R Y

A custodian of public records under the Texas Open Records Act, article 6252-17a, V.T.C.S., must allow members of the public to inspect copyrighted material unless other exceptions to the Open Records Act protect the material. The custodian need not, however, furnish copies. The custodian must allow the requestor to make copies "unassisted by the state."

The Open Records Act does not require the preparation of an extensive new computer program to obtain particular sets of information. Whether certain programming constitutes the creation of new material must be determined on a case-by-case basis.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General